**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN TELLEZ,** an individual,<br><br><br>Plaintiff,<br><br><br>v.<br><br><br>**SPRINT CORPORATION; CONVERGENT OUTSOURCING, INC.; and NV ALLIED COLLECTION SERVICES, INC. d/b/a ALLIED COLLECTION SERVICES, INC.,**<br><br><br>Defendants. | **Case No.:** '17 CV1827 AJB WVG<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1. **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.;**<br><br>2. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>3. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>4. **THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.;**<br><br>5. **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Plaintiff, STEVEN TELLEZ, ("Plaintiff") is a victim of identity theft. On September 14, 2016, an unauthorized and unknown person used Plaintiff's information to open a Sprint cell phone account. In response, Plaintiff contacted law enforcement and filed a police report.

2. Plaintiff disputed the fraudulent and unauthorized transactions with Defendants and informed Defendants that he did not incur the Debts at issue but rather that he was a victim of identity theft.

3. Nonetheless, Plaintiff continued to receive letters and phone calls demanding payment on the fraudulent Debt despite the fact Plaintiff does not, and has never, owed the Debt.

4. In addition, Defendant(s) furnished inaccurate information to credit reporting agencies regarding the unauthorized transactions and credit inquiries in Plaintiff's name.

5. As alleged herein, Defendant(s) allowed a fraudulent and unauthorized account to be opened in Plaintiff's name, repeatedly attempted to collect a fraudulent debt, misstated the amount of the fraudulent debt allegedly owed, and reported the fraudulent debt to credit reporting agencies in violation of: (i) The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; (ii) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; (iii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq.*; (iv) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq.*; and (v) The Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681, *et seq.*

6. As a result, Defendants' actions described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information has negatively impacted Plaintiff's attempts to secure credit. As a result of

Defendant(s)' conduct, Plaintiff was denied a residential lease, and several extensions of credit. In addition, Plaintiff has suffered damages by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

7. Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

8. Unless otherwise stated, Plaintiff alleges any violations by Defendants were knowing, intentional, and malicious, and Defendants did not maintain procedures reasonably adapted to avoid such violations.

9. Unless otherwise indicated, any Defendants named in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

10. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

11. Unless otherwise stated, any reference to "Defendants" shall refer to all Defendants named in this action.

12. At all times relevant, Plaintiff was an individual residing within the State of California.

13. All correspondence referenced herein was sent to Plaintiff at an address located within the State of California.

## PARTIES

14. Plaintiff, STEVEN TELLEZ, ("Plaintiff") is a natural person who resides in the City of Oceanside, County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt, which was alleged to be due and owing from Plaintiff. Plaintiff is therefore a "debtor" as that term is

defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1785.31 and is a "person" as that term is defined by 47 U.S.C. § 153(39).

15. Defendant, SPRINT CORPORATION, ("SPRINT") is a Delaware corporation.

16. SPRINT regularly and in the ordinary course of business, on its own accord or through its agent(s), engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

17. SPRINT, on its own or through its agents, furnishes information to one or more credit reporting agencies and is therefore a "furnish[er]" as defined by Cal. Civ. Code § 1785.25(a).

18. SPRINT is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

19. Defendant, CONVERGENT OUTSOURCING, INC., ("CONVERGENT") is Washington corporation.

20. CONVERGENT in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out their principle business purpose which is the collection of debts.

21. CONVERGENT regularly and in the ordinary course of business, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

///

22.   Defendant, NV ALLIED COLLECTION SERVICES, INC. d/b/a ALLIED COLLECTION SERVICES, INC., ("ALLIED") is a Nevada Corporation.

23.   ALLIED in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out their principle business purpose which is the collection of debts.

24.   ALLIED in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they are acquired by and/or assigned to ALLIED and there therefore subject to immediate collection activity.

25.   ALLIED furnishes information to one or more credit reporting agencies and is therefore a "furnish[er]" as defined by Cal. Civ. Code § 1785.25(a).

26.   ALLIED is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j) and 15 U.S.C. § 1681a(b).

27.   This case involves money, property, or their equivalent, due or owing or alleged to be due or owing, from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

28.   The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant(s) to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity.

Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and/or employment purposes.

## JURISDICTION AND VENUE

29. This action arises out of Defendant(s)' violations of: (i) The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.; (ii) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.; (iii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.; (iv) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq*.; and (v) The Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681, *et seq*.

30. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

31. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

32. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## GENERAL FACTUAL ALLEGATIONS

33. On or about September 14, 2016, Plaintiff's identity was stolen by an unknown individual. In response, Plaintiff contacted law enforcement and filed a police report.

34. Without Plaintiff's consent or knowledge, this unknown individual opened a SPRINT account in Plaintiff's name, resulting in an alleged debt in the amount of $1,742 (the "Debt").

35. Plaintiff did not, and has never, opened, or attempted to open, a SPRINT account, nor has Plaintiff incurred any underlying debt with SPRINT, its agents, or its successors in interest.

36. Nonetheless, SPRINT, and its agents, continued to demand payment on the fraudulent Debt despite the fact that Plaintiff: (i) did not incur the Debt; (ii) did not authorize the transactions resulting in the Debt; (iii) is the victim of fraud and identity theft; (iv) and is not responsible for any amount of the Debt.

37. Defendants also furnished inaccurate and incomplete information pertaining to the Debt to credit reporting agencies.

38. CONVERGENT and ALLIED's actions stated herein were conducted on behalf of, under the direction and control of, and while acting as the agent of SPRINT. Therefore, SPRINT is liable for all conduct of CONVERGENT and ALLIED alleged herein under the theory of vicarious liability.

39. The forgoing instances of Defendants' reporting false, inaccurate, and incomplete credit information, failing to maintain adequate procedures described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information has negatively impacted Plaintiff's attempts to secure credit. As a result of Defendant(s)' conduct, Plaintiff was denied: (i) residential leases due to "too many inquiries in the last 12 months"; and (ii) extensions of credit. In addition, Plaintiff has suffered damages by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

///

///

///

## FACTUAL ALLEGATIONS PERTAINING TO
## SPRINT

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. On or about September 14, 2016, an unknown individual attempted to open a SPRINT account in Plaintiff's name.

42. On or about September 14, 2016, SPRINT requested Plaintiff's credit report from Equifax in connection with the fraudulent SPRINT account application (the "credit inquiry").

43. Plaintiff did not initiate the SPRINT account application, nor did Plaintiff authorize anyone to open the account on his behalf.

44. Plaintiff did not, and has never, opened, or attempted to open, a SPRINT account, nor has Plaintiff incurred any underlying debt with SPRINT, its agents, or its successors in interest.

45. The unknown and unauthorized individual did not provide SPRINT with an email address, and instead SPRINT allowed the account to be opened using a generic store-generated email address.

46. In fact, SPRINT said "there was no paper work associated with the account," meaning SPRINT could not verify the unknown individual's identity, including social security number, home address, and email address.

47. SPRINT therefore had no legitimate business need for the information sought, nor Plaintiff's consent to initiate the inquiry.

48. SPRINT knew, or should have known, that Plaintiff did not initiate the account application because the application was opened without verification of the unknown individual's social security number, home address, and was opened using a generic email address.

49. SPRINT willfully and/or negligently obtained Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b(a).

50. Through this conduct, SPRINT violated 15 U.S.C. § 1681b(f) by willfully and/or negligently obtaining information from a consumer reporting agency without having a permissible purpose for which the information was authorized to be furnished.

51. When SPRINT obtained Plaintiff's consumer report, SPRINT left a hard credit inquiry on Plaintiff's credit report.

52. A "hard credit inquiry" is a credit report check that lowers an individual's credit score and credit worthiness.

53. The information SPRINT reported is false, incomplete, and/or inaccurate as Plaintiff did not, and has never, opened, or attempted to open, a SPRINT account, nor has Plaintiff incurred any underlying debt with SPRINT, its agents, or its successors in interest, as the information is the product of fraud and identity theft.

54. SPRINT knew, or should have known, the information they furnished was false, incomplete, and/or inaccurate as: (i) Plaintiff did not, and has never, opened, or attempted to open, a SPRINT account; (ii) the unknown and unauthorized individual did not provide SPRINT with an email address, and instead SPRINT allowed the account to be opened using a generic store-generated email address; (iii) SPRINT failed to validate the unknown individual's identity by failing to verify his social security number, address, and drivers license; (iv) SPRINT said "there was no paper work associated with the account," meaning SPRINT could not verify the unknown individual's identity; (ii) Plaintiff informed SPRINT that he did not open, or attempt to open a SPRINT account; and (iv) Plaintiff is a victim of identity theft.

///

///

///

55. SPRINT willfully and intentionally solicited and processed a fraudulent account application in Plaintiff's name, created and furnished adverse and incorrect credit information about Plaintiff to credit reporting agencies, including Equifax.

56. Through this conduct, SPRINT violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that SPRINT knew or should have known was inaccurate and/or incomplete.

## FACTUAL ALLEGATIONS PERTAINING TO
## CONVERGENT AND SPRINT

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. On or about November 28, 2016, Defendant, CONVERGENT called Plaintiff's cellular phone in an attempt to collect the Debt.

59. Plaintiff alleges on information and belief that the call CONVERGENT placed to Plaintiff's cellular phone was placed using an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227 (a)(1) and/or used an automated or prerecorded voice as that term is defined by 47 U.S.C. § 227 (b)(1)(A).

60. The ATDS used for these calls has the capacity to store or produce telephone numbers to be dialed using a random or sequential number generator.

61. The telephone number that CONVERGENT, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

62. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

63. Plaintiff does not have a prior business relationship with CONVERGENT, or its agents, and has not given consent to be contacted by CONVERGENT, or its agents, on his cellular telephone. Thus, each and every call by

CONVERGENT was made without the prior express consent of Plaintiff.

64. Through this conduct, CONVERGENT violated 47 U.S.C. § 227 (b)(1)(A) by making any call, other than a call made for emergency purposes or made with the prior express consent of the called party, using an automatic telephone dialing system and/or an artificial or prerecorded voice.

65. During the November 28, 2016, phone call, CONVERGENT, on behalf of, under the direction and control of, and while acting as the agent of SPRINT, demanded payment in the amount of $1,742.52.

66. COVERGENT, under the direction and control of SPRINT, made false, deceptive, and/or misleading representations by demanding payment in the amount of $1,742.52 on a debt which Plaintiff does not owe, has never owed, and is the product of fraud and identity theft.

67. Through this conduct, CONVERGENT and SPRINT violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CONVERGENT and SPRINT also violated Cal. Civ. Code § 1788.17.

68. The November 28, 2016, phone call was also an "initial communication" as that term is defined by 15 U.S.C. § 1692g. CONVERGENT failed to send Plaintiff the required validation notice within five (5) days of the initial communication as required by 15 U.S.C. § 1692g.

///

///

69. Through this conduct, CONVERGENT violated 15 U.S.C. § 1692g by failing to send Plaintiff, within five days of the initial communication, a written notice containing: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

70. Though this conduct, CONVERGENT also violated Cal. Civ. Code § 1812.700(a)-(b) and Cal. Civ. Code § 1812.702 by failing to include a Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a). Cal. Civ. Code § 1812.702 provides that any violation of Cal. Civ. Code § 1812.700, *et seq*. is violation of the RFDCPA; thus, CONVERGENT violated the RFDCPA, (Cal. Civ. Code § 1788, *et seq*.).

71. On or about December 2, 2016, CONVERGENT, on behalf of, under the direction and control of, and while acting as the agent of SPRINT, sent Plaintiff a letter attempting to collect on the Debt and stating the balance due on the Debt was $1,742.52.

72. SPRINT and CONVERGENT made false, deceptive, and/or misleading representations by demanding payment in the amount of $1,742.52 on a debt which Plaintiff does not owe, has never owed, and is the product of fraud and identity theft.

///

73. Through this conduct SPRINT and CONVERGENT, under the direction and control of SPRINT, violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; and (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SPRINT and CONVERGENT also violated Cal. Civ. Code § 1788.17.

## FACTUAL ALLEGATIONS PERTAINING TO
## ALLIED AND SPRINT

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. In or around May of 2017, the Debt was placed for collection with ALLIED.

76. On August 24, 2017, Plaintiff called ALLIED to dispute the validity of the Debt on the basis of fraud and identity theft.

77. ALLIED ignored Plaintiffs claims of fraud and identity theft, and instead, under the direction and control of SPRINT, demanded payment on the Debt in the amount of $1,742.52.

78. ALLIED made false, deceptive, and/or misleading representations by demanding payment in the amount of $1,742.52 on a debt which Plaintiff does not owe, has never owed, and is the product of fraud and identity theft.

79. Through this conduct, ALLIED and SPRINT violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iv) 15 U.S.C. § 1692e(10) by using false

representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CONVERGENT and SPRINT also violated Cal. Civ. Code § 1788.17.

80. On or about November 28, 2016, Plaintiff walked into a SPRINT store in Oceanside, CA, to dispute the fraudulent account and the related Debt.

81. Plaintiff informed SPRINT that he did not, and has never, opened, or attempted to open, a SPRINT account, nor has Plaintiff incurred any underlying debt with SPRINT, its agents, or its successors in interest.

82. SPRINT informed Plaintiff that "there was no paper work associated with the account."

83. SPRINT did not and could not verify the accuracy of the information on the account but nonetheless directed its agent(s) to furnish incomplete and/or inaccurate information to credit reporting agencies regarding the Debt.

84. Beginning in May of 2017, and continuing through the date of this filing, ALLIED on behalf of, under the direction and control of, and while acting as the agent of SPRINT, reported inaccurate information regarding the Debt to "consumer credit reporting agencies" as that term is defined by Cal. Civ. Code § 1785.3(d).

85. ALLIED, under the direction and control of SPRINT, furnished information on Plaintiff's credit report that the Debt was in collection and had a balance of $1,742.

86. This information is false, incomplete, and/or inaccurate as Plaintiff did not incur and does not owe the Debt as it is the product of fraud and identity theft. Furthermore, ALLIED failed to report the Debt as disputed.

87. ALLIED and SPRINT knew, or should have known, the information they furnished was false, incomplete, and/or inaccurate as: (i) SPRINT had unverified, inaccurate, and incomplete information regarding the account; and

(ii) Plaintiff previously disputed the Debt on the basis of fraud and identity theft with CONVERGENT and SPRINT.

88. Through this conduct, SPRINT and ALLIED, under the direction and control of SPRINT, violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that SPRINT and ALLIED knew or should have known was inaccurate and/or incomplete.

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227 ET SEQ.
### [AGAINST CONVERGENT]

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

91. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

92. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION FOR INTENTIONAL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227 ET SEQ.
### [AGAINST CONVERGENT]

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

95.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

96.  Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.

### [AGAINST CONVERGENT AND ALLIED]

97.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

98.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

99.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

### [AGAINST SPRINT, CONVERGENT AND ALLIED]

100.  Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein, excluding paragraphs 37-54 and 84-88.

101. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

102. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

103. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## FIFTH CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.
### [AGAINST SPRINT ONLY]

104. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

105. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

106. In the regular course of its business operations, Defendant routinely furnishes information to consumer credit reporting agencies pertaining to transactions between Defendant and consumers, so as to provide information to a consumers' credit worthiness, credit standing, and credit capacity.

107. The causes of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity.

Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

108. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

109. The forgoing conduct caused Plaintiff damages including, but not limited to, loss of credit worthiness, credit standing, credit capacity and denial of credit, including loss of housing.

### SIXTH CAUSE OF ACTION FOR WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.
### [AGAINST SPRINT ONLY]

110. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

111. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

112. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15

U.S.C. § 1681n(a)(3).

## SEVENTH CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.
### [AGAINST SPRINT ONLY]

113. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

114. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq.*

115. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such cause(s) of action stated against each Defendant, as follows:

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C);

- Injunctive relief Pursuant to 47 U.S.C. § 227(b)(3)(A);

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

///

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3),
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);
- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
- As a result of Defendant's willful violations of 15 U.S.C. § 1681, *et seq.*, an award of actual damages, in an amount to be determined at trial, or statutory damages of not less than $100 and not more than $1,000, from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); an award of punitive damages, as the Court may allow, pursuant to 15 U.S.C. 1681n(a)(3); and an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3);
- As a result of Defendant's negligent violations of 15 U.S.C. § 1681, *et seq.*, an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681o(a)(1); and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(1);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein; and

- Any and all other relief that this Court deems just and proper.

Dated: September 8, 2017                    Respectfully submitted,

                                            **SINNETT LAW, APC.**

                                            BY: /s/ WAYNE A. SINNETT
                                            WAYNE A. SINNETT, ESQ.
                                            ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

116.   Pursuant to the Seventh Amendment in the Constitution of the United States
       of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 8, 2017                    Respectfully submitted,

                                            **SINNETT LAW, APC.**

                                            BY: /s/ WAYNE A. SINNETT
                                            WAYNE A. SINNETT, ESQ.
                                            ATTORNEY FOR PLAINTIFF